tract required a delivery to the buyer at his place of business or any other place, the contract was not fulfilled until such delivery was actually made. In this case the plaintiff does not claim that he was not bound to make delivery to the defendants at their place of business. He does claim that he had always sent goods to the defendants through the Manhattan Delivery Company, but the evidence clearly shows that the express company was his agent, and not the agent of the defendants.

It follows that the plaintiff failed to prove any delivery to the defendants, and that the judgment should·be reversed, and a new trial ordered, with $30 costs to appellants to abide the event. All concur.

---

(93 Misc. Rep. 320)

### GENERAL ACC., FIRE & LIFE ASSUR. CO., Limited, v. KELLY.

(Supreme Court, Special Term, New York County. January, 1916.)

INJUNCTION ☞163(1)—TEMPORARY INJUNCTION—CONTINUANCE.

Where a motion to continue an injunction restraining defendant from procuring a warrant of attachment against plaintiff's property is based on a written agreement between the parties obligating defendant to refrain from taking such action, except under certain nonexisting circumstances, the motion will be denied, where all of the parties to the agreement had apparently disregarded it in one way or another.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 357, 363, 364, 368; Dec. Dig. ☞163(1).]

Action by the General Accident, Fire & Life Assurance Company, Limited, against John A. Kelly. Heard on motion to continue injunction. Denied.

Beekman, Menken & Griscom, of New York City (S. S. Menken, of New York City, of counsel), for plaintiff.

Cardozo & Nathan, of New York City (Michael H. Cardozo, Jr., of New York City, of counsel), for defendant.

FORD, J. Plaintiff moves for the continuance of an injunction restraining the defendant "from procuring any warrant of attachment against the property of the plaintiff." The motion is based on the terms of a written agreement between the parties whereby the defendant obligates himself to refrain from taking such action, except under certain nonexistent circumstances. The complaint prays that the injunction be made permanent. Aside from the highly doubtful propriety of granting upon affidavits the full relief asked for by way of·final judgment, it is also doubtful whether the defendant is entitled in any event to the injunction because of its breach of the agreement whose terms are invoked as the basis of the plaintiff's cause of action. It appears to me that no one of the three parties to that agreement has observed its terms, but, on the contrary, all have seemingly dis-

regarded its provisions in one way or another. Plaintiff seeks to deprive this ostensible creditor of a substantial right conferred by statute upon him in common with all other creditors of the plaintiff. Whether or not this discrimination against him would in any event be warranted in law, the very least that the court should require before ordering it is that the plaintiff establish the facts upon which he relies with reasonable certainty. This it has failed to do, and the motion will be denied.

Motion denied.